UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SANDRA LEE DEMORUELLE,<br><br>            Plaintiff,<br><br>    vs.<br><br>KATHERINE RAO, IN HER OFFICIAL CAPACITY AS LARGE CAPACITY CESSPOOL PROJECT COORDINATOR OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY REGION 9; ANDREW R. WHEELER, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; WILLIAM A. KUCHARSKI, IN HIS OFFICIAL CAPACITY AS DIRECTOR, COUNTY OF HAWAII DEPARTMENT OF ENVIRONMENTAL MANAGEMENT; DAVID ALBRIGHT, IN HIS OFFICIAL CAPACITY AS MANAGER, DRINKING WATER PROTECTION SECTION OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY REGION 9; SINA PRUDER, IN HER OFFICIAL CAPACITY AS CHIEF, WASTEWATER BRANCH OF THE STATE OF HAWAII DEPARTMENT OF HEALTH; BRUCE ANDERSON, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE STATE OF HAWAII DEPARTMENT OF HEALTH; DORA BECK, IN HER OFFICIAL CAPACITY AS DIVISION CHIEF, WASTEWATER DIVISION, COUNTY OF HAWAII DEPARTMENT OF ENVIRONMENTAL MANAGEMENT; AND DEANNA SAKO, IN HER OFFICIAL CAPACITY AS DIRECTOR, COUNTY OF HAWAII DEPARTMENT OF FINANCE;<br><br>            Defendants. | CIV. NO. 20-00147 LEK-RT |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT
AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

On June 15, 2020, Defendants Katherine Rao, in her official capacity as Large Capacity Cesspool Project Coordinator of the United States Environmental Protection Agency Region 9 ("Rao"), David Albright, in his official capacity as Manager, Drinking Water Protection Section of the United States Environmental Protection Agency Region 9 ("Albright"),[1] and Andrew R. Wheeler, in his official capacity as Administrator of the United States Environmental Protection Agency ("Wheeler" and collectively, along with Rao, "Federal Defendants") filed their Motion for Partial Dismissal ("Federal Motion"). [Dkt. no. 25.] On July 10, 2020 pro se Plaintiff Sandra Lee Demoruelle ("Plaintiff") filed her opposition to the Federal Motion ("Opposition to Federal Motion"). [Dkt. no. 54.] On August 24, 2020, the Federal Defendants filed their reply ("Federal Reply"). [Dkt. no. 61.]

On June 30, 2020, Defendants Sina Pruder, in her official capacity as Chief, Wastewater Branch of the State of Hawai`i Department of Health ("Pruder"), and Bruce Anderson, in his official capacity as Director of the State of Hawai`i Department of Health (collectively "State Defendants"), filed

---

[1] Albright was dismissed as a defendant on June 12, 2020. [Dkt. no. 30.]

2

their motion to dismiss the amended complaint ("State Motion").
[Dkt. no. 37.]  On July 1, 2020, Plaintiff filed her opposition
to the State Motion ("Opposition to State Motion").  [Dkt.
no. 47.]

On July 1, 2020, Defendants William Kucharski, in his
official capacity as Director, County of Hawaii, Department of
Environmental Management ("Kucharski"), Dora Beck, in her
official capacity as Division Chief, Wastewater Division, County
of Hawaii Department of Environmental Management ("Beck"), and
Deanna Sako, in her official capacity as Director, County of
Hawaii Department of Finance ("Sako" and collectively along with
Kucharski and Beck "County Defendants" and collectively, along
with the Federal Defendants and the State Defendants,
"Defendants"), filed their motion to dismiss the amended
complaint ("County Motion").  [Dkt. no. 40.]  On July 2, 2020,
Plaintiff filed her opposition to the County Motion ("Opposition
to County Motion").  [Dkt. no. 48.]  On July 6, 2020, the County
Defendants filed their reply ("County Reply").  [Dkt. no. 51.]

The Court finds these matters suitable for disposition
without a hearing pursuant to Rule LR7.1(c) of the Local Rules
of Practice for the United States District Court for the
District of Hawaii ("Local Rules").  The County Defendants'
County Motion is hereby granted in part and denied in part, the
Federal Motion and the State Motion are granted in part and

denied in part, and Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, filed June 30, 2020, [dkt. no. 39,] is denied for the reasons stated below.

### BACKGROUND

On August 29, 2018, Plaintiff filed a complaint against the Beck and Kucharski in the Third Circuit Court of the State of Hawai`i, captioned Demoruelle v. Beck, et al, No. 18-1-00206 ("2018 Complaint" and "2018 Action"). [County Motion, Decl. of D. Kaena Horowitz ("Horowitz Decl."), Exh. C (2018 Complaint).] In the 2018 Complaint, Plaintiff alleged that the County of Hawai`i was planning on replacing the large-capacity cesspools ("LCCs") in Na`alehu and Pahala with wastewater treatment plants, and had begun taking steps towards accomplishing that goal, including identifying the sites in Na`alehu and Pahala, and beginning condemnation proceedings to secure the properties. [Id. at ¶¶ 3-4, 10-12, 20.] Plaintiff further alleged that her "aesthetic, recreational, scientific, spiritual, educational and economic interests have been and will be" injured by the County of Hawaii's plan to install the wastewater treatment plants without first publishing an Environmental Assessment or allowing for adequate public participation. [Id. at ¶ 9.] Plaintiff alleged that she had been harmed by not receiving access to certain government records related to the conversion of the Naalehu and Pahala LCCs

4

to wastewater treatment plants.  [Id. at ¶¶ 43, 47-51.]
Therefore, Plaintiff sought an injunction preventing all work in
furtherance of the wastewater treatment plants and to set aside
all "Ka`u household sewage payments to the [County of Hawai`i]"
pending environmental review; [id. at ¶¶ 80-81(a),] injunctions
preventing further expenditure of government funds, requiring
the publication of environmental documentation, and other relief
related to preventing progress on the Na`alehu and Pahala
wastewater treatment plants, and other relief, [id. at ¶ 81(b)-
(g)].

        On December 10, 2019, a Final Judgment  was entered in
favor of Beck and Kucharski in the 2018 Action ("State
Judgment").  [Horowitz Decl., Exh. F (State Judgment).]  The
state court explained that "the gravamen of the [2018] Complaint
is that either draft environmental assessments or environmental
assessments are immediately required as to the Pahala and
Naalehu Wastewater Treatment Facilities."  [Horowitz Decl.,
Exh. E (memorandum dated 10/11/19 to Plaintiff and Mr. Horowitz
from court staff transmitting the Decision) at PageID #: 378.]
There, Plaintiff had argued that the County of Hawai`i should
have been required to provide a draft environmental assessment
(or final environmental assessment) before selecting the site
for the Na`alehu wastewater treatment plant.  The state court
found that, contrary to Plaintiff's position, a specific site

was necessary in order to draft the environmental assessment.
Therefore, Plaintiff was not entitled to the relief identified
in the 2018 Complaint, and judgment was to be entered in favor
of Beck and Kucharski.  [Id. at PageID #: 379-81.]

       The instant matter was initiated on April 6, 2020.
[Complaint for Declaratory and Injunctive Relief ("Complaint"),
filed 4/6/20 (dkt. no. 1).]  On May 5, 2020, Plaintiff filed her
Amended Complaint and Request for Injunction ("Amended
Complaint").  [Dkt. no. 9.]  In the Amended Complaint, Plaintiff
alleges that, on April 14, 2020, Pruder

> submitted the State of Hawaii Water Pollution
> Control Revolving Fund also known as the Clean
> Water State Revolving Fund (["]CWSRF["]) intended
> Use Plan for State Fiscal Year (["]SFY["]) 2021
> and Federal Fiscal Year (["]FFY["]) 2020
> Appropriation ("IUP") showing a "Planned Binding
> Commitment/Encumbrance" on 7/15/20 of $2,000,000
> of loan money for the "Pahala Large Capacity
> Cesspool Conversion." (See Exhibit D, IUP
> Table 1 Page 7).  The imminent encumbrance and
> potential expenditure of the CWSRF funding by the
> County of Hawaii Defendants triggered this
> timely-filed first Amended Complaint and Request
> for Injunction.

[Id. at ¶ 2.]  According to Plaintiff, one or more wastewater
treatment plants have been proposed to replace LCCs in Na`alehu
and/or Pahala in the County of Hawai`i.  [Id. at ¶¶ 59-64, 71.]
Plaintiff alleges that an Environmental Assessment for the
Pahala replacement was published in February 2020, and a Finding
of No Significant Impact ("FONSI") was issued in March 2020,

however, she disagrees with the results.  See id. at ¶ 4.  She
therefore seeks an injunction from this Court preventing any
CWSRF commitment, encumbrance, or bond issuance

> while considering requiring [Federal] Defendants
> to comply with [National Environmental Protection
> Act ("NEPA")] statutes and other public
> participation requirements, and requiring the
> County of Hawaii Department of Environmental
> Management Defendants to treat the two remaining
> Ka`u LCC replacements as one project by
> completing the NEPA Section 102/[Hawaii
> Environmental Protection Act ("HEPA")] HRS 343
> Environmental Impact Statement as a single
> document for both the Pahala and Naalehu LCC
> Replacement Projects before any further
> wastewater planning; design; engineering,
> biologic and/or archaeological studies; or
> construction is done at any proposed site in
> either Naalehu or Pahala.

[Id. at ¶ 9.]

The County Defendants seek dismissal of the Amended
Complaint on the basis that Plaintiff's claims are barred by res
judicata.  The State Defendants seek dismissal on the basis that
Plaintiff's claims are not ripe.  The Federal Defendants seek
partial dismissal of Claim 4 of the Amended Complaint on the
basis that it does not identify a discrete agency action, and
dismissal of Rao as an unnecessary party.

## STANDARD

Because Plaintiff is proceeding pro se, the Amended
Complaint is liberally construed.  See Erickson v. Pardus, 551

U.S. 89, 94 (2007) (per curiam).  As this district court has
said:

> Federal Rule of Civil Procedure 12(b)(6)
> authorizes the Court to dismiss a complaint that
> fails "to state a claim upon which relief can be
> granted."  Rule 12(b)(6) is read in conjunction
> with Rule 8(a), which requires "a short and plain
> statement of the claim showing that the pleader
> is entitled to relief." Fed. R. Civ. P. 8(a)(2).
> The Court may dismiss a complaint either because
> it lacks a cognizable legal theory or because it
> lacks sufficient factual allegations to support a
> cognizable legal theory.  Balistreri v. Pacifica
> Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
> Pursuant to Ashcroft v. Iqbal, "[t]o survive a
> motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to
> 'state a claim to relief that is plausible on its
> face.'"  555 U.S. 662, 678 (2009) (quoting Bell
> Atlantic Corp. v. Twombly, 550 U.S. 554, 570
> (2007)).
>
> "A district court may consider the
> affirmative defenses of claim or issue preclusion
> on a Rule 12(b)(6) motion to dismiss." Fairbank
> v. Underwood, 986 F. Supp. 2d 1222, 1231 n.5 (D.
> Or. 2013); Thompson v. Cty. of Franklin, 15 F.3d
> 245, 253 (2d Cir. 2004) (noting that res judicata
> challenges may be considered in a motion to
> dismiss for failure to state a claim under
> Rule 12(b)(6)); Scott v. Kuhlmann, 746 F.2d 1377,
> 1378 (9th Cir. 1984) (res judicata properly
> raised in motion to dismiss when there are no
> disputed issues of fact); Day v. Moscow, 955 F.2d
> 807, 811 (2d Cir. 1992) (res judicata may be
> sustained on a Rule 12(b)(6) motion when relevant
> facts are shown by court records); see also
> Rainwater v. Banales, 2008 WL 5233138, at *9 n.6
> (C.D. Cal. 2008) (leave to amend may be denied as
> futile when the claims would be barred by res
> judicata or collateral estoppel).
>
> A court may consider certain documents
> attached to a complaint, as well as documents
> incorporated by reference in the complaint, or

> matters of judicial notice, without converting a
> Rule 12(b)(6) motion to dismiss into a motion for
> summary judgment.  United States v. Ritchie, 342
> F.3d 903, 908-09 (9th Cir. 2003).  The Court
> [may] take[] judicial notice of the pleadings,
> court orders, and other public records attached
> to the parties' briefs.  See Fed. R. Evid.
> 201(b); Lee v. City of Los Angeles, 250 F.3d 668,
> 688-89 (9th Cir. 2001).

Henao v. Hilton Resorts Corps., CIVIL NO. 17-00476 DKW-RLP, 2018

WL 846908, at *4 (D. Hawai`i Feb. 13, 2018) (some alterations in

Henao).  Therefore, the Court can consider whether the claims in

the Amended Complaint are prohibited due to res judicata.

> "Res judicata, or claim preclusion,
> prohibits lawsuits on 'any claims that were
> raised **or could have been raised**' in a prior
> action."  Stewart v. U.S. Bankcorp, 297 F.3d 953,
> 956 (9th Cir. 2002) (quoting Owens v. Kaiser
> Found. Health Plan, Inc., 244 F.3d 708, 713 (9th
> Cir. 2001)).  To determine the preclusive effect
> of a state court judgment, the court must look to
> Hawaii law, but federal law governs the
> preclusive effect of a federal court judgment.
> See Migra v. Warren City Sch. Dist. Bd. of Educ.,
> 465 U.S. 75, 81 (1984) (explaining that "federal
> courts may look to common law or to the policies
> supporting res judicata . . . in assessing the
> preclusive effect of decisions of other federal
> courts," but must determine the preclusive effect
> of a state court judgment based on the law of
> that state).  Under Hawaii law, claim preclusion
> applies where there is (1) a final judgment on
> the merits, (2) both parties are the same or in
> privity with the parties in the original suit,
> and (3) the claim decided in the original suit is
> the same as the one presented in the current
> action.  See Dela Cruz [v. McManaman, Civ.
> No. 11-00747 JMS/RLP], 2012 WL 4472260, at *4
> [(D. Hawai`i Sept. 26, 2012)] (citing Bremer v.
> Weeks, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004)).

<u>Dela Cruz v. Child Welfare Servs.</u>, Civ. No. 16-00669 JMS-KSC,

2017 WL 778074, at *3 (D. Hawai`i Feb. 28, 2017) (emphasis and

some alterations in <u>Dela Cruz</u>).  To that end, pursuant to

Hawai`i law,

> [t]he judgment of a court of competent
> jurisdiction is a bar to a new action in any
> court between the same parties or their privies
> concerning the same subject matter, and precludes
> the relitigation, not only of the issues which
> were actually litigated in the first action, but
> also all grounds of claim and defense which might
> have been properly litigated in the first action
> but were not litigated or decided.

<u>Bush v. Watson</u>, 81 Hawai`i 474, 479–480, 918 P.2d 1130, 1135–

1136 (1996) (quoting <u>Morneau v. Stark Enters., Ltd.</u>, 56 Haw.

420, 422–423, 539 P.2d 472, 474–475 (1975)); <u>see also</u> <u>Dannenberg</u>

<u>v. State</u>, 139 Hawai`i 39, 59, 383 P.3d 1177, 1197 (2016).

**<u>DISCUSSION</u>**

I.   **<u>County Defendants</u>**

A.   **<u>Same Claims</u>**

As this district court has previously explained:

> The Hawaii courts follow the Second
> Restatement's transactional view of "same claim"
> for purposes of claim preclusion.  <u>Kauhane v.</u>
> <u>Acutron Company, Inc.</u>, 71 Haw. 458, 464, 795 P.2d
> 276 (1990).  Accordingly, to determine whether a
> litigant is asserting the "same claim" in a
> second action, Hawaii courts look to whether the
> claim arises out of the same transaction or the
> same series of connected transactions out of
> which the first action arose.  <u>Id.</u>; Restatement
> (Second) of Judgments § 24 (1982) [hereinafter
> "Restatement § 24"].  The claim extinguished by
> an action "includes all rights of the plaintiff

to remedies against the defendant with respect to
all or any part of the transaction, or series of
connected transactions." Restatement § 24. This
inquiry is made based on the facts of the
transaction and does not depend on the number of
substantive theories, or variant forms of relief
flowing from those theories, that may have been
available to the plaintiff; the number of primary
rights that may have been invaded; or the
variations in the evidence needed to support the
theories or rights. Id. at 463 n.6, 795 P.2d
276; Restatement § 24 comment at 197.

¶    Accordingly, a plaintiff cannot avoid the
bar of claim preclusion merely by alleging
conduct that was not alleged in his prior action
or by pleading a new legal theory. McClain v.
Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986).
All claims arising from a single injury must be
raised in a single action or they will be barred
by res judicata. Silver v. Queen's Hospital, 63
Haw. 430, 437, 629 P.2d 1116 (1981). This is
true even where some of the claims arise under
state law and some arise under federal law. Id.
(actions under federal civil rights act and state
conspiracy and antitrust law arising from a
single injury should be raised in a single
action). . . .

Pedrina v. Chun, 906 F. Supp. 1377, 1400-01 (D. Hawai`i 1995),

aff'd, 97 F.3d 1296 (9th Cir. 1996), cert. denied, 520 U.S. 1268

(1997).

In both the 2018 Complaint and the Amended Complaint,

Plaintiff asserts that her "aesthetic, recreational, scientific,

spiritual, educational and economic interests" have been or

would be harmed by the County Defendants (and with respect to

the Amended Complaint, all defendants) by their failure to

comply with environmental regulations related to the early

11

planning stages of construction of the Na`alehu and Pahala wastewater treatment plants.  [Amended Complaint at ¶ 13; Horowitz Decl., Exh. C (2018 Complaint) at ¶ 9.]  Although in the Amended Complaint Plaintiff focuses her allegations on the oversight provided by the Federal Defendants over the County Defendants, see Amended Complaint at ¶¶ 73-74, 78, as well as the conduct of the County Defendants themselves, the substance of the complained-of transaction in the Amended Complaint is part of the same series of transactions as the complained-of conduct in the 2018 Complaint.  Compare id. at ¶¶ 78 (seeking relief because of inadequate public participation in planning of the wastewater treatment plant projects), 79 (alleging injury, in part, based on the lack of an environmental impact statement); with Horowitz Decl., Exh. C (2018 Complaint) at ¶¶ 19 (alleging injury based on lack of an environmental assessment and environmental impact statement), 62-65 (alleging injury based on inadequate public participation in the planning of the wastewater treatment plants).

Plaintiff argues that her instant claims are not barred by res judicata because the legal theories in the 2018 Complaint are different from the Amended Complaint.  See Opp. to County Motion at 3-4.  However, the issue turns exclusively on whether the transactions are distinguishable; the theories alleged are immaterial.  See Pedrina, 906 F. Supp. at 1400-01.

12

Accordingly, all claims related to the transaction of the planning process were required to be raised in a single action, even though some of Plaintiff's claims may arise under state law and others under federal law.  See Silver, 63 Haw. at 437, 629 P.2d at 1122.  Thus, the true purpose for the doctrine is illuminated here because, without res judicata, the County Defendants (and other defendants) would be subjected to an endless, or at least indefinite, stream of litigation attacking artificially discrete parts of a single, lengthy infrastructure planning process.  Therefore, the Court finds that the 2018 Complaint and the Amended Complaint arise from the same transaction or series of transactions.

     For these reasons, the Court finds that the claims in the Amended Complaint are the same claims as those in the 2018 Complaint.

     **B.   Same Parties**

     Beck and Kucharski were parties to the 2018 Action. See Horowitz Decl., Exh. F (State Judgment).

     As this district court has explained:

> Claim preclusion requires that the parties
> to the second action are the same as, or in
> privity with, the parties to the first action.
> [Matter of Herbert M. Dowsett Tr.], 7 Haw. App.
> [640,] 646, 791 P.2d 398[, 402 (1990)].  Whether
> sufficient privity exists to bind a nonparty to a
> judgment is determined under the circumstances in
> each case as it arises.  Id.  Under Hawaii law,
> "the concept of privity has moved from the

13

> conventional and narrowly defined meaning of
> 'mutual or successive relationship[s] to the same
> rights of property' to 'merely a word used to say
> that the relationship between the one who is a
> party of record and another is close enough to
> include that other within the res adjudicata.'"
> Id.  The party asserting claim preclusion must
> demonstrate that the interests of the nonparty
> were adequately represented and that the
> nonparty's rights were afforded proper protection
> in the prior action.  Id.

Pedrina, 906 F. Supp. at 1399 (some alterations in Pedrina).

The interests of the Federal Defendants and the State Defendants are sufficiently coextensive with the interests of the County Defendants in the 2018 Action to find that their interests were properly represented in the prior action. Plaintiff focuses heavily on whether the Federal Defendants properly supervised the County of Hawai`i, however, the substance of her 2018 Complaint and her Amended Complaint contemplate the same offending conduct – the lack of public participation and disclosure of documents in the planning phase of the Na`alehu and Pahala wastewater treatment plants. Therefore, the interests of the defendants in the instant case and the defendants in the 2018 Action are close enough to include the other within res judicata.  See Dowsett Tr., 7 Haw. App. at 646, 791 P.2d at 402.

For these reasons, the Court finds that the element of res judicata requiring the same parties, or those that are in privity with each other, is satisfied.

14

C.  **Final Judgment on the Merits**

"For res judicata to apply, the prior action must have
resulted in a final decision on the merits."  Spinney v.
Greenwich Cap. Fin. Prods., Inc., No. Civ. 05-00747 ACK/KSC,
2006 WL 1207400, at *8 (D. Hawai`i May 3, 2006) (some citations
omitted) (citing Bush, 81 Haw. at 480).  Also,

> either a bench or jury trial is an adjudication
> on the merits of a case.  See, Morneau v. Stark
> Enterprises, Ltd., 56 Haw. 420, 421, 539 P.2d
> 472.  Likewise, rulings on summary judgment
> motions are an adjudication of the merits of the
> disputed issues.  See Hall [v. State], 7 Haw.
> App. [274,] 283, 756 P.2d 1048[, 1054 (1988).]

Pedrina, 906 F. Supp. at 1401.  "Under Hawaii law, a judgment is
final for purposes of res judicata where the time to appeal has
expired without an appeal being taken."  Id. at 1401-02 (citing
Glover v. Fong, 42 Haw. 560 (1958)).  It is not disputed that
Plaintiff did not file an appeal of the State Judgment.  See
Opp. to County Motion at 4.  The time to appeal the State
Judgment has expired.  See Haw. R. App. P. 4(a).  Similarly, the
2018 Action resulted in a final judgment on the merits following
an evidentiary hearing, see Horowitz Dec., Exh. E (Decision) at
PageID #: 378, therefore the State Judgment constitutes a final
judgment for purposes of res judicata.

Accordingly, because all three requirements are met,
the claims in the Amended Complaint are barred by the Hawai`i

doctrine of res judicata.  Plaintiff's Amended Complaint is

therefore dismissed.

## IV.   <u>State and Federal Defendants</u>

Based on the allegation in the Amended Complaint, it

appears that the res judicata analysis also applies to the State

Defendants and Federal Defendants.  Therefore, Plaintiff's

claims with respect to the State Defendants and Federal

Defendants are also dismissed.

## V.   <u>Summary and Leave to Amend</u>

The Amended Complaint has been dismissed pursuant to

the doctrine of res judicata.  However,

> [i]t is black-letter law that a district court
> must give plaintiffs at least one chance to amend
> a deficient complaint, absent a clear showing
> that amendment would be futile.  <u>Eminence
> Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052
> (9th Cir. 2003) ("Dismissal with prejudice and
> without leave to amend is not appropriate unless
> it is clear on de novo review that the complaint
> could not be saved by amendment."); <u>see also</u>
> <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227,
> 9 L. Ed. 2d 222 (1962) ("In the absence of any
> apparent or declared reason — such as undue
> delay, bad faith or dilatory motive on the part
> of the movant, repeated failure to cure
> deficiencies by amendments previously allowed,
> undue prejudice to the opposing party by virtue
> of allowance of the amendment, futility of
> amendment, etc. — the leave sought should, as the
> [Federal Rules of Civil Procedure] require, be
> 'freely given.'").

<u>Nat'l Council of La Raza v. Cegavske</u>, 800 F.3d 1032, 1041–42

(9th Cir. 2015) (some alterations in <u>La Raza</u>).  "Not all of the

factors merit equal weight.  As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1052 (citation omitted).  Also, "[f]utility alone can justify the denial of a motion to amend." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation and quotation marks omitted).  However, "leave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134 (9th Cir. 2018) (citation and quotation marks omitted).

### A.   County Defendants

The Amended Complaint is dismissed with prejudice with respect to the County Defendants, that is, without leave to amend.  It is clear from the record that Plaintiff's claims against the County Defendants are barred by the doctrine of res judicata and any amendment would be futile.  See Barahona, 881 F.3d at 1134.  Therefore leave to amend is denied as futile with respect to the County Defendants.  See Johnson, 356 F.3d at 1077.

### B.   State and Federal Defendants

On the other hand, the Court does not find that amendment is necessarily futile with respect to the State Defendants and Federal Defendants.  Therefore, Plaintiff has

17

leave to file a second amended complaint with respect to the State Defendants and Federal Defendants only.  If Plaintiff chooses to file a second amended complaint, she must do so by **March 1, 2021**.

Plaintiff's second amended complaint must include all of the claims that she wishes to allege, and all of the allegations that her claims are based upon, even if she previously presented them in the original Complaint or the Amended Complaint.  She cannot incorporate any part of her original Complaint or the Amended Complaint into the second amended complaint by merely referring to the original Complaint or the Amended Complaint.  Plaintiff is directed to consider the issues raised in the Federal Motion and State Motion in preparing any second amended complaint.  Plaintiff is cautioned that, if she fails to file her second amended complaint by **March 1, 2021**, or if the second amended complaint fails to cure the defects identified in this Order, her claims will be dismissed with prejudice – in other words, without leave to amend, and the Clerk's Office would be directed to close the case.

Because the Amended Complaint has been dismissed, the Federal Motion and State Motion are GRANTED in part, to the extent of the relief and on the basis of the analysis as stated with respect to the County Defendants, and DENIED in part, as to

18

all other grounds.  For the same reason, Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, filed June 30, 2020, is DENIED.[2]

## CONCLUSION

For the foregoing reasons, the County Defendants' 12(b)(1) Motion to Dismiss, filed July 1, 2020, is HEREBY GRANTED IN PART AND DENIED IN PART.  The County Motion is GRANTED, insofar as Plaintiff's Amended Complaint and Request for Injunction, filed May 5, 2020, is DISMISSED WITH PREJUDICE as to the County Defendants.  The County Motion is DENIED, insofar as the dismissal is WITHOUT PREJUDICE as to the State Defendants and Federal Defendants.  The Federal Defendants' Motion for Partial Dismissal, filed June 15, 2020, and the State Defendants' Motion to Dismiss Amended Complaint, Filed May 5, 2020, filed June 30, 2020, are GRANTED IN PART, to the extent identified above and WITHOUT PREJUDICE.  The remaining portion of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, filed June 30, 2020, is DENIED.

---

[2] The portion of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction seeking a temporary restraining order was denied by this Court on July 20, 2020.  [EO: Court Order Denying Plaintiff's Request for a Temporary Restraining Order, filed 7/20/20 (dkt. no. 55).]

Plaintiff is granted leave to file her second amended complaint by **March 1, 2021**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JANUARY 29, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

SANDRA LEE DEMORUELLE V. KATHERINE RAO, IN HER OFFICIAL CAPACITY
AS LARGE CAPACITY CESSPOOL PROJECT COORDINATOR OF THE UNITED
STATES ENVIRONMENTAL PROTECTION AGENCY REGION 9, ET AL.; CV 20-
000147 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT AND DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION